KELLY, Circuit Judge, concurring.
I respectfully disagree with the court's conclusion that Davis lacked standing to seek injunctive relief for ADA violations located inside Anthony's restaurant. I believe the district court's dismissal of Davis's complaint should nevertheless be affirmed because her lawsuit-as she brought it-was moot after Anthony remediated all the violations she identified in her complaint, and she did not thereafter request an onsite inspection of the restaurant.
"Title III of the ADA prohibits discrimination on the basis of disability in a place of 'public accommodation.' " Disability Support All. v. Heartwood Enters., No. 16-1759, 885 F.3d 543, 545, 2018 WL 1403574, at *1 (8th Cir. Mar. 21, 2018) (quoting 42 U.S.C. § 12182(a) ). " 'Discrimination' includes 'failure to remove architectural barriers *680 ... in existing facilities ... where such removal is readily achievable.' " Id. (quoting 42 U.S.C. § 12182(b)(2)(A)(iv) ). In relevant part, the ADA's implementing regulation defines a "[p]lace of public accommodation" as "a facility operated by a private entity whose operations affect commerce." 28 C.F.R. § 36.104 (emphasis added). In turn, it defines "facility" as "all or any portion of buildings , structures, sites, complexes, equipment, ... walks, passageways, parking lots , or other real or personal property, including the site where the building, property, structure, or equipment is located." Id. (emphasis added). The regulation requires removal of "architectural barriers in existing facilities," id. § 36.304(a), and authorizes private suits to enforce its provisions through injunctive relief, including "an order to alter facilities to make such facilities readily accessible." Id. § 36.501; see also 42 U.S.C. § 12188(a)(2) (authorizing private suits for injunctive relief including "an order to alter facilities to make such facilities readily accessible").[3] In my view, Anthony's restaurant and parking lot are a single facility, and consistent with Steger v. Franco, Inc., 228 F.3d 889 (8th Cir. 2000), Davis had standing to seek injunctive relief against all violations affecting persons with her disability at that facility.[4]
I believe the court has read Steger too narrowly. In that case, five plaintiffs sued the owner of a retail and office building, seeking to bring the building into compliance with the ADA. Id. at 891. We held that four of the plaintiffs lacked standing because, when the lawsuit was filed, they had not patronized, or even tried to patronize, the building. Id. at 893. Notably, we concluded that the fifth plaintiff, Burch, had standing because he had visited the building and encountered an ADA violation that affected his disability while there. Id. at 891-93. The more specific question we faced was the scope of Burch's standing. Burch argued he had standing to seek relief for all ADA violations in the building, including those that were not related to his disability. Id. at 893. The owner of the building contended that Burch had standing only as to the specific violation he had actually encountered, which the owner had since remediated. Id. at 893-94. We held that Burch "ha[d] standing to seek relief for any ADA violations in the [building] affecting his specific disability," including violations located in other parts of the building he had not yet encountered. Id. at 894. Notably, our holding did not limit the geographic scope of Burch's standing. To the contrary, Burch sought to remedy violations in the building only, we found standing as to the entire building, and the parking lot was never at issue. See id. at 891 ("The focus of plaintiffs' lawsuit is the [building].").
But Anthony remediated all the violations that Davis listed in her complaint, and she did not adequately request an onsite inspection after it did so. To request *681 jurisdictional discovery, a party must submit an affidavit describing, inter alia, "what facts are sought and how they are to be obtained," and "what efforts the affiant has made to obtain them." Johnson v. United States, 534 F.3d 958, 965 (8th Cir. 2008). Davis made only passing references to an onsite inspection in her complaint, a brief in opposition to Anthony's motion to dismiss, and an attached affidavit. She did not file a separate motion to compel or otherwise formally request discovery, and she did not indicate what, if any, efforts she had made to arrange an inspection with opposing counsel. In short, Davis did not put the district court on notice that she was requesting jurisdictional discovery, nor did she make an adequate showing that she was entitled to it.

Similarly, the appendices to 36 C.F.R. Part 1191 list the "scoping and technical requirements for accessibility to sites, facilities, buildings, and elements by individuals with disabilities," 36 C.F.R. Pt. 1191, App. B 101.1, and define "facility" as "[a]ll or any portion of buildings, structures, site improvements, elements, and pedestrian routes or vehicular ways located on a site." Id. App. B 106.5.

I believe Davis suffered an injury-in-fact when she encountered the violations in the parking lot, and her intent to patronize Anthony's restaurant in the imminent future was sufficient to convey standing as to the entire facility. See Steger, 228 F.3d at 892-94 ; see also Chapman v. Pier 1 Imports (U.S.), Inc., 631 F.3d 939, 949-50 (9th Cir. 2011). I thus believe the court's discussion of the deterrent-effect doctrine is premature, as it is not necessary to our resolution of this appeal.