# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-1086

_____

The Midwest Disability Initiative; Gerald Doyen

*Plaintiffs - Appellants*

v.

JANS Enterprises, Inc., d/b/a Nico's Taco & Tequila Bar, et al.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: February 13, 2019
Filed: July 8, 2019

_____

Before LOKEN, COLLOTON, and KELLY, Circuit Judges.

_____

LOKEN, Circuit Judge.

Title III of the Americans with Disabilities Act (ADA) proscribes discrimination by places of public accommodation against persons with disabilities, defining discrimination to include "failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable." 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv). The ADA grants a private right of action for injunctive relief to "any person" subject to

disability discrimination. § 12188(a)(1). In this circuit, a person with a qualifying disability has standing to seek injunctive relief to remedy ADA structural barrier violations that affect "his specific disability" if he shows that a place of public accommodation has "caused him actual injury at the time he commenced this action, and 'that [he] would visit the building in the imminent future but for those barriers.'" Disability Support Alliance v. Heartwood Enterprises, LLC, 885 F.3d 543, 546 (8th Cir. 2018), quoting Steger v. Franco, Inc., 228 F.3d 889, 892 (8th Cir. 2000). This appeal raises recurring issues regarding successive claims for such injunctive relief.

The Midwest Disability Initiative (MDI) is a Minnesota nonprofit organization that has filed numerous ADA Title III suits as a co-plaintiff with one of its members against various Twin Cities retail establishments. In March 2017, MDI and member Paul Testa filed an ADA Title III action seeking declaratory and injunctive relief against Nico's Taco & Tequila Bar and its landlord, JC LLC. Plaintiffs alleged that Testa is a disabled individual who is fully dependent upon the use of a wheelchair or motor scooter and, in December 2016, Testa visited Nico's and encountered unlawful and discriminatory architectural barriers, "including, but not necessarily limited to," nine identified ADA violations. On August 2, 2017, MDI, Testa, and defendants entered into a Stipulation agreeing that "all claims in the above-captioned action are hereby dismissed with prejudice, and on the merits." By Order dated August 8, 2017, the district court dismissed the action with prejudice.

Ten days later, MDI and member Gerald Doyen filed this Title III action seeking declaratory and injunctive relief against the same defendants. Plaintiffs alleged that Doyen is a disabled individual who is fully dependent on the use of a wheelchair or motor scooter and, on August 14, 2017, Doyen visited Nico's and encountered multiple unlawful and discriminatory architectural barriers. Like the first suit, the MDI-Doyen suit identified nine alleged violations of the ADA, which were "not to be considered all inclusive" of Nico's violations. Seven were functionally identical to barriers identified in the MDI-Testa complaint. The MDI-Doyen

Complaint additionally identified "an inaccessible public entrance in the back of the facility including a noncompliant ramp," and "an inadequately maintained parking lot with broken, patched, littered, and deteriorated surface."

Defendants timely filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing plaintiffs' claims are barred by res judicata. In support, defendants submitted judicial records from the MDI-Testa suit and a summary of prior actions filed by MDI and Doyen obtained from District of Minnesota filing records. The district court,[1] stating that it was considering only the MDI-Doyen Complaint and the public records submitted by defendants, granted the Rule 12(b)(6) motion to dismiss. Plaintiffs appeal. We affirm.

## I. Res Judicata Issues.

"[A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Yankton Sioux Tribe v. U.S. Dep't of Health & Human Servs., 533 F.3d 634, 639 (8th Cir. 2008) (quotation omitted). To establish that the MDI-Doyen claims are precluded by the prior MDI-Testa suit, Nico's must show that "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." Id. (quotation omitted). A district court may properly grant a motion to dismiss based on the affirmative defense of res judicata when the defense "is apparent on the face of the complaint." C.H. Robinson Worldwide, Inc. v. Lobrano, 695 F.3d 758, 764 (8th Cir. 2012). We review the grant of a motion to dismiss de novo. Yankton Sioux Tribe, 533 F.3d at 639.

---

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

Here, it is undisputed that the MDI-Testa suit resulted in a final judgment based on proper jurisdiction. But Doyen was not a party to the MDI-Testa lawsuit, Doyen visited Nico's after that lawsuit was dismissed, and the MDI-Doyen Complaint identifies two specific alleged barrier violations not alleged in the MDI-Testa Complaint. Thus, the third and fourth res judicata prerequisites are at issue.

**A. Privity.** "The application of claim and issue preclusion to nonparties . . . runs up against the deep-rooted historic tradition that everyone should have his own day in court." Taylor v. Sturgell, 553 U.S. 880, 892-93 (2008) (quotation omitted). But one exception to the general rule against nonparty preclusion is that, "'in certain limited circumstances,' a nonparty may be bound by a judgment because she was 'adequately represented by someone with the same interests who [wa]s a party' to the suit." Id. at 894, quoting Richards v. Jefferson County, 517 U.S. 793, 798 (1996). The Court gave a partial definition of this adequate representation requirement:

> A party's representation of a nonparty is 'adequate' for preclusion purposes only if, at a minimum: (1) The interests of the nonparty and her representative are aligned; and (2) either the party understood herself to be acting in a representative capacity or the original court took care to protect the interests of the nonparty.

Id. at 900 (citations omitted). In granting the motion to dismiss in Yankton Sioux Tribe, we concluded that this requirement was satisfied because the Tribe in the first suit sued on its own behalf and on behalf of individual members who were plaintiffs in the second suit and asserted identical interests. 533 F.3d at 640-41.

In the district court and on appeal, plaintiffs primarily argue that Doyen is not in privity with Testa, the MDI member plaintiff in the first suit, because their interests are not aligned -- Testa dropped structural barrier claims Doyen intends to vigorously pursue -- and because Testa did not assert his claims on a class basis or purport to represent the interests of Doyen. But this argument misses the mark. The district

court did not preclude Doyen's claims because Testa and Doyen were in privity. Rather, the court concluded that Doyen is bound by the final judgment in MDI-Testa suit because Doyen was adequately represented by co-plaintiff MDI, which dismissed its claims in that action with prejudice and on the merits. The asserted interests of MDI in the first suit clearly align with the interests of Doyen in the second suit, the court concluded, and the allegations in the MDI-Testa suit "signify an intention to represent the interests of, at the very least, the members of MDI, if not a much broader group of individuals."

On this procedural record, we agree with the district court's conclusions. Testa and Doyen were both members of MDI when the MDI-Testa suit was litigated. Both suits were brought to remedy architectural barriers that allegedly prevent disabled individuals who are "fully dependent upon the use of a wheelchair or motor scooter" from patronizing Nico's. Each Complaint gave nine examples of alleged ADA violations, seven in nearly identical language. Each sought the same relief -- a permanent injunction "directing defendants . . . to remove physical barriers to access and make its facilities fully accessible to and independently usable by individuals with disabilities to the extent required by the ADA," and for "such other relief as . . . is allowable under Title III of the ADA."

The MDI-Testa Complaint made clear that MDI was acting in a representative capacity for the benefit of its individual members, including Doyen. The Complaint alleged that MDI's purpose is to "hold[] businesses that ignore the requirements of the ADA accountable." The Complaint alleged that "Defendants have discriminated against Testa *and others*," that the alleged violations "cause injury to Plaintiff *and other disabled individuals*," and that the identified alleged violations were "not to be considered all-inclusive of the barriers and violations of the ADA . . . encountered by Testa or which exist at the facility." (Emphasis added.) In both cases, MDI and its member co-plaintiff sought declaratory and injunctive relief ordering Nico's to remove *all* architectural barriers, not just those listed in the complaint, and not limited

-5-

to barriers that affect the member plaintiff's "specific disability." Only MDI even arguably had standing to seek an order removing barriers that did not affect the alleged disability of Testa and Doyen -- dependence upon the use of a wheelchair or motor scooter.

Finally, although preclusion only sometimes requires notice of the first suit to the represented nonparty, see Sturgell, 553 U.S. at 900, we agree with the district court that Doyen had at least constructive notice of the first suit, as in Yankton Sioux Tribe, 533 F.3d at 641. Doyen was a member of MDI when the MDI-Testa suit was filed and terminated. The judicial records submitted by defendants establish that Doyen was a co-plaintiff with MDI in numerous other ADA Title III suits to remedy structural barrier violations. And the timing of the two lawsuits -- brought by the same attorney -- supports the inference that Doyen was aware that MDI represented his interest in both actions. See Continental Western Ins. Co. v. Federal Housing Finance Agency, 83 F. Supp. 3d 828, 836 (S.D. Iowa 2015).

On appeal, plaintiffs assert that plaintiffs in the MDI-Testa suit did not understand themselves to be acting in a representative capacity for Doyen because Doyen has never met Testa, has no relationship with him, and did not participate in the Testa lawsuit, and MDI did not understand that it was acting in a representative capacity for any individual member other than Testa. In support, plaintiffs rely exclusively on sworn declarations by Doyen and by MDI's founder filed in the district court along with plaintiffs' memorandum in opposition to defendants' motion to dismiss. Had the district court considered these declarations, it would have been required to treat the motion to dismiss as one for summary judgment. See Fed. R. Civ. P. 12(d). But the district court did not consider these declarations.

In the district court, plaintiffs argued only that the motion to dismiss must be treated as one for summary judgment under Rule 12(d) because *defendants* submitted judicial records outside the Complaint. The district court properly rejected that

contention and concluded that these judicial records and the MDI-Doyen Complaint "provided sufficient bases for a res judicata defense." C.H. Robinson, 695 F.3d at 764; see Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). Plaintiffs did not urge the court to treat the motion as one for summary judgment based on *plaintiffs'* declarations, nor do plaintiffs assert on appeal that the court erred in applying Rule 12(d). Thus, the only issue before us is whether, as we have concluded, the district court properly ruled that MDI acting in a representative capacity was in privity with Doyen based on the Rule 12(b)(6) record considered by the district court.

It is well-settled that, in limited circumstances, an association has standing to seek injunctive relief on behalf of its members. See, e.g., Friends of the Earth, Inc. v. Laidlaw Env. Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000). In this case, it is undisputed the MDI's claims in both suits were based on associational standing, and that MDI satisfied the requirements for such standing. When an association representing its members suffers an adverse final judgment, whether that judgment precludes subsequent claims by the association's members is a separate issue that turns, in part, on whether the association was an adequate representative. That issue may be fact intensive. See Int'l Union, U.A.W. v. Brock, 477 U.S. 274, 290 (1986). But "[t]actical mistakes or negligence on the part of the representative" in the first suit are not sufficient to render the representation inadequate for preclusion purposes. RESTATEMENT (SECOND) OF JUDGMENTS § 42, cmt. *f* (1980). Moreover, "the association should not be able to evade preclusion continually by averring that unidentified members are not bound and bringing successive suits by claiming injury to different identified members." 18A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 4456, at p. 501 (2002); see Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1084 (9th Cir. 2003). Issues of whether the association *adequately* represented its members in the first suit must necessarily be decided on a case-by-case basis. Here,

-7-

the district court properly resolved the only adequate representation issues raised by the limited factual record the parties submitted.

**B. Same Claims.** The final element of res judicata is whether both suits are based on the same claims or causes of action: "a claim is barred by res judicata if it arises out of the same nucleus of operative facts as the prior claim." Yankton Sioux Tribe, 533 F.3d at 641 (quotation omitted). Plaintiffs argue the MDI-Doyen suit is not precluded because Doyen encountered discrimination in August 2017, after the MDI-Testa lawsuit was terminated, and Doyen seeks "important relief" from two barriers not identified in the MDI-Testa Complaint. The district court concluded that this contention is without merit:

> The Testa Case sought the repair of all barriers, even those not explicitly listed . . . . A mere ten days [after dismissal of the Testa Case], MDI and Doyen commenced this case seeking the remedy of all barriers then existing. Thus . . . the barriers in each case, and the wrong they represent, are closely related in time, space, and origin and, as such, are part of the same series of connected transactions.

We agree. The MDI-Testa Complaint sought to remedy all architectural barriers preventing disabled individuals from patronizing Nico's in violation of the ADA. At a minimum, this would include all barriers related to the "specific disability" shared by Testa and Doyen. The MDI-Doyen Complaint did not allege that any of the barriers it specifically identified were not present at the time of the earlier suit. Plaintiffs in both suits specifically alleged that their claims were not limited to the alleged ADA barrier violations specifically identified.

## II. Conclusion

For the foregoing reasons, we conclude the district court properly granted the motion to dismiss the MDI-Doyen lawsuit because it is precluded by the final

judgment on the merits in the MDI-Testa lawsuit. Plaintiffs assert that this decision will "substantially impact private enforcement of the ADA and is contrary to public policy." We disagree. The dismissal of the second suit was a product of MDI's decision to assert associational standing claims as a co-plaintiff on behalf of its members in the MDI-Testa suit -- an obvious attempt to avoid limitations on the structural barrier claims that member plaintiff Testa could assert -- and then to dismiss its representational claims on the merits. The only nonparty individuals bound by these tactics are members of MDI at the time. This decision does not bar claims by any other person suffering from any disability who plausibly alleges that he suffered actual injury from architectural barriers that limited his access to Nico's, and that he would visit the building in the imminent future but for those barriers.

The judgment of the district court is affirmed.

_____