# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 19-2474

———————————————

Scott Smith

*Plaintiff - Appellant*

v.

Bradley Pizza, Inc.; Pamela M. Dahl

*Defendants - Appellees*

—————————

Appeal from United States District Court
for the District of Minnesota

—————————

Submitted: June 16, 2020
Filed: August 10, 2020
[Unpublished]

—————————

Before GRUENDER, WOLLMAN, and KOBES, Circuit Judges.

—————————

PER CURIAM.

Scott Smith appeals the district court's[1] grant of summary judgment to Bradley Pizza, Inc. and Pamela Dahl (collectively, "Appellees") on Smith's

---

[1]The Honorable Eric C. Tostrud, United States District Judge for the District of Minnesota.

Americans with Disabilities Act ("ADA") claim, 42 U.S.C. § 12181, and various discovery and expense reimbursement rulings in favor of Appellees.[2] We affirm.

Smith has a disability that requires him to use a wheelchair. On May 25, 2017, he drove about fifty miles from his home in Burnsville, Minnesota to Red Wing, Minnesota to inspect businesses for ADA compliance.

Bradley Pizza, Inc. owned and operated a Domino's Pizza in Red Wing, and Dahl owned the real property on which the Domino's was located. On May 25, Smith arrived at and left the Red Wing Domino's before it opened at 10:30 a.m. Although he never left his car, Smith nevertheless took photos of alleged architectural barriers that purportedly would have prevented him from accessing the store.

Smith later sued Appellees for violations of Title III of the ADA. He also filed a motion for reimbursement of his service-of-process expenses in accordance with Federal Rule of Civil Procedure 4(d), which the district court denied. Eventually, both Appellees and Smith moved for summary judgment. The district court granted summary judgment to Appellees regarding the ADA claim for lack of subject-matter jurisdiction and denied as moot Appellees' summary judgment motion in all other respects. The district court also overruled several of Smith's discovery-related objections, including objections to the district court's award of expert witness fees to Appellees and denial of payment for his own expert witness fees. Smith appeals.

---

[2]Although Smith also asserted a claim under the Minnesota Human Rights Act ("MHRA"), Minn. Stat. § 363A.01 *et seq.*, in the district court, he does not mention the MHRA in his opening brief. He has therefore abandoned his right to appeal the grant of summary judgment on his MHRA claim. *See Jenkins v. Winter*, 540 F.3d 742, 751 (8th Cir. 2008) ("Claims not raised in an opening brief are deemed waived.").

Primarily, Smith argues that the district court erred in granting summary judgment to Appellees on his ADA claim because it incorrectly concluded that Smith lacked standing to bring the claim. We review a district court's summary judgment ruling regarding a challenge to the plaintiff's standing *de novo*. *Disability Support All. v. Heartwood Enters., LLC*, 885 F.3d 543, 545 (8th Cir. 2018). "To survive a motion for summary judgment on this ground, a plaintiff must support his claim by setting forth by affidavit or other evidence specific facts, which are taken as true by the reviewing court." *Id.* (internal quotation marks and brackets omitted).

"Federal jurisdiction is limited by Article III of the Constitution to cases or controversies; if a plaintiff lacks standing to sue, the district court has no subject-matter jurisdiction." *Auer v. Trans Union, LLC*, 902 F.3d 873, 877 (8th Cir. 2018). Article III standing requires that the plaintiff has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.*

An injury in fact must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks omitted). Although ADA plaintiffs are not required to engage in the "futile gesture" of attempting to enter a building with known barriers, *see* 42 U.S.C. § 12188(a)(1), "they must at least prove knowledge of the barriers and that they would visit the building in the *imminent* future but for those barriers," *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000) (emphasis added). "Intent to return to the place of injury 'some day' is insufficient." *Id.* at 893 (citing *Lujan*, 504 U.S. at 564).

The district court correctly concluded that Smith established, at most, intentions to return to the Red Wing Domino's "some day," which are insufficient to establish an injury in fact. *See id.* Smith argues he established an intention to return imminently to the store because he testified in his deposition that he had "a desire to go back" and was only prevented from doing so by the store's lack of ADA compliance. But he also testified that the only reason he drove to Red Wing on May

-3-

25 was to "test the various businesses" and that he had never visited that Domino's before. In addition, he admitted that there are many Domino's stores closer to him than the one in Red Wing, which is about fifty miles from his house. Moreover, Smith admitted he had no "specific plans" to visit Red Wing in the foreseeable future. Considering this evidence, Smith's statement about having a "desire to go back" amounts to no more than an intent to return "some day," which is insufficient to establish an injury in fact. *See id.*; *see also Meagley v. City of Little Rock*, 639 F.3d 384, 391 (8th Cir. 2011); *cf. Disability Support All.*, 885 F.3d at 546 (holding that an ADA plaintiff established an intent to return to a non-compliant facility imminently because the plaintiff testified he had specific plans to talk to a doctor there who offered unique therapies he wished to try). Therefore, the district court did not err in finding that he lacked standing to bring his ADA claim.

Smith also appeals several of the district court's rulings regarding discovery matters, as well as reimbursement of expert fees and service-of-process expenses. "[D]istrict courts have broad discretion in maintaining compliance with discovery and pretrial orders," and we review a district court's discovery rulings for a "clear and prejudicial abuse of discretion." *Williams v. TESCO Servs., Inc.*, 719 F.3d 968, 976 (8th Cir. 2013); *see also Abernathy v. Mo. Pac. R.R.*, 972 F.2d 353 (8th Cir. 1992) (per curiam) (unpublished table decision) (noting that we review a district court's decisions regarding civil procedure motions for an abuse of discretion). After carefully reviewing the record and the parties' arguments on appeal, we find no abuse of discretion requiring reversal in these rulings. *See* 8th Cir. R. 47B.

For the foregoing reasons, we affirm.

_____