Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| FAUSTINO XAVIER BETANCOURT COLÓN<br><br>Peticionario<br><br>v.<br><br>DON MACETA, INC.; CHARLOTTE´S SWEETS & FRAPPE, INC.; EDWIN TIRADO BERRIOS; FULANOS DE TAL 1-100; FULANOS DE TAL 1-100<br><br>Recurrida | KLCE202301104 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Civil Núm.:<br>MZ2021CV01323<br><br>Sobre:<br>Petición de Orden de Interdicto Permanente |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

# RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de octubre de 2023.

Comparece el señor Faustino Xavier Betancourt Colón (señor Betancourt Colón o peticionario) vía recurso de *certiorari*, a fin de solicitar la revocación de la *Resolución* del Tribunal de Primera Instancia, Sala Superior de Mayagüez, emitida el 21 de agosto de 2023. Mediante dicho dictamen, se declaró sin lugar la *Moción en solicitud de sentencia sumaria* por la insuficiencia de prueba. Por los fundamentos que expresamos a continuación, denegamos la expedición del auto de *certiorari* solicitado.

En síntesis, el caso de epígrafe trata de una demanda instada por el señor Betancourt Colón contra el restaurante Don Frappe y Don Maceta por unas alegadas barreras arquitectónicas colocadas en el lugar

Número Identificador

RES2023 _____

de servicio y en el baño de hombres del negocio, en violación a los derechos de los discapacitados bajo la *Americans with Disabilities Act* de 1990 (ADA), según enmendada. Posterior a la anotación de rebeldía de Don Maceta, Inc., Charlotte's Sweets & Frappe, Inc. y Edwin Tirado Berríos (conjuntamente "recurridos") por la falta de respuesta a la demanda, el peticionario presentó una *Moción en solicitud de sentencia sumaria*. Esta última fue acompañada por una declaración jurada, en la cual el peticionario jura: (1) que ha sido diagnosticado con hipertensión, hidrocefalia, insuficiencia cardiaca congestiva, deformidad en ambos pies, obstrucción pulmonar crónica, y enfermedad articular degenerativa de la columna lumbar, entre otros; (2) que por prescripción médica se le ordenó utilizar un *mobility scooter* o una silla de ruedas; (3) que tiene instalado un desfibrilador; (4) que no puede caminar o balancearse por un hinchazón grave en los pies; (5) que fue registrado como una persona con discapacidad por el Departamento de Salud; (6) que se le concedió un carnet de impedido por el Departamento de Transportación y Obras Públicas; y (7) que fue asignado a una vivienda ajustada para personas con impedimentos por el Departamento de la Vivienda.

Ante lo anterior, el foro primario declaró sin lugar a la *Moción en solicitud de sentencia sumaria* por falta de evidencia pericial sobre la discapacidad del señor Betancourt Colón y la existencia de las barreras arquitectónicas. Oportunamente, el peticionario presentó una *Moción en solicitud de reconsideración*, a la cual el Tribunal de Primera Instancia igualmente declaró sin lugar.

En su recurso de *certiorari*, el peticionario alega que la jurisprudencia federal, la ADA y las Reglas de Procedimiento Civil de

2009 no lo obligan a presentar evidencia pericial de su discapacidad y la existencia de las barreras arquitectónicas. Específicamente, que su declaración jurada debería considerarse como suficiente evidencia de su condición y de lo observado en el restaurante Don Frappe y Don Maceta.

El mecanismo procesal de la sentencia sumaria se rige por la Regla 36 de Procedimiento Civil y tiene como finalidad la solución justa, rápida y económica de litigios civiles que no contengan controversias genuinas de hechos materiales. Véase Regla 36 de Procedimiento Civil de 2009 (32 LPRA Ap. V); *Const. José Carro v. Mun. Dorado*, 186 DPR 113 (2012). Así, la Regla 36.2 permite que cualquiera de las partes pueda solicitar que se dicte sentencia sumaria sobre la totalidad o sobre cualquier parte de una reclamación. Regla 36.2 de Procedimiento Civil de 2009 (32 LPRA Ap. V). Véase también, *Torres Pagán v. Municipio Autónomo de Ponce,* 191 DPR 583 (2014). A su vez, se ha establecido que su peticionario debe establecer su derecho con claridad y demostrar que no existe controversia sustancial sobre algún hecho material, es decir, suficiente para que sea necesario dirimirlo en un juicio plenario. Regla 36.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V). Véase también, *Ramos Pérez v. Univisión,* 178 DPR 200 (2010).

Por otro lado, la Regla 36.3(e) dispone que corresponde dictar sentencia sumaria si de las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas y alguna otra evidencia, se acredita la inexistencia de una controversia real y sustancial respecto a algún hecho esencial y pertinente y el derecho aplicable lo justifica. Regla 36.3(e) de

Procedimiento Civil de 2009 (32 LPRA Ap. V). Véase también, *Zapata Berrios v. JF Montalvo Cash &Carry,* 189 DPR 414 (2013).

Ahora bien, en cuanto al estándar de revisión aplicable, el Tribunal de Apelaciones utilizará los mismos criterios que el foro de primera instancia al determinar la correspondencia de la sentencia sumaria, aunque limitado a considerar aquellos documentos presentados en el foro primario y obligado a cumplir con la Regla 36.4 de Procedimiento Civil. Regla 36.4 de Procedimiento Civil de 2009 (32 LPRA Ap. V). Debemos, por tanto, examinar *de novo* el expediente y verificar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma; luego, revisar si en realidad existen hechos materiales en controversia y, de encontrar que los hechos materiales realmente están incontrovertidos, revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el derecho. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100 (2015).

Con respecto a la anotación de rebeldía, la Regla 45.1 de Procedimiento Civil dispone que este procederá "cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas". Regla 45.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V). Por lo tanto, la anotación de rebeldía tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas. Íd. No obstante, la Regla 45.2(b) aclara que si el tribunal, para ejecutar o dictar sentencia en rebeldía, ve necesario comprobar la veracidad de cualquier aseveración mediante prueba o hacer una investigación de cualquier otro asunto, el mismo deberá celebrar las vistas necesarias y adecuadas, o encomendar la cuestión a

un comisionado o una comisionada. Íd., Regla 45.2(b). De las alegaciones afirmativas, el tribunal debe evaluar si existen los elementos de la causa de acción y si amerita el remedio solicitado. *Mitsubishi Motor Sales of Caribbean, Inc. v. Lunor, Inc.*, 2023 TSPR 110. Véase también, *Rivera v. Goytía*, 70 DPR 30 (1949).

Por otro lado, la ADA explica que ningún individuo será discriminado por razón de discapacidad en el disfrute de servicios, facilidades o acomodaciones en lugares de acomodo público por cualquier persona que es dueña, renta u opera tal lugar. Sec. 12182(a) de la Ley Púb. Núm. 101-336 de 26 de julio de 1990 (104 Stat. 327). Sin embargo, la ADA aclara que el concepto de "discapacidad" significa, concierne a un individuo, "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment […]". Íd., Sec. 12102(1). En otras palabras, la ADA aplica cuando la discapacidad afecta el diario vivir del individuo, cual incluye caminar, pararse, levantar objetos, doblarse y respirar. Íd., Sec. 12102(2)(a).

A base de lo anterior, la jurisprudencia federal ha determinado que la suficiencia de evidencia de discapacidad bajo la ADA debe basarse en la probabilidad de un jurado no perito reconocer que la persona tiene una discapacidad. Véase *Mancini v. City of Providence*, 909 F.3d 32 (1er Cir. 2018). No obstante, es muy probable que este jurado no reconozca o comprenda el significado de términos científicos cuando un demandante los utiliza para describir sus condiciones médicas, por lo cual sería necesario evidencia pericial. Íd. (*citando a Felkins v. City of Lakewood*, 774 F.3d 647, 648 (10mo Cir. 2014)).

Concerniente a las barreras arquitectónicas, la ADA incluye los restaurantes en la definición de "public accommodation". Sec. 12181 de la Ley Púb. Núm. 101-336 de 26 de julio de 1990 (104 Stat. 327). La jurisprudencia federal y los tratados estadounidenses han aclarado que los discapacitados demandantes pueden adquirir un remedio si tienen: (1) conocimiento de la existencia de las barreras en un lugar de acomodo público, (2) evidencia de la continuidad de las barreras arquitectónicas en el establecimiento, y (3) deseo de volver al negocio en controversia si este elimina las barreras. Véase C. Fuhr, *Proof that Plaintiff is Currently Deterred from Attempting to Gain Access to Public Accommodation Under Americans with Disabilities Act of 1990 (42 U.S.C.A §§ 121818 et seq.) en American Jurisprudence Proof of Facts*, 3ª ed., Lawyers Cooperative Publishing, 2023 (*citando a* Namisnak v. Uber Technologies, Inc., 971 F.3d 1088 (9no Cir. 2020); Disability Support Alliance v. Heartwood Enterprises, LLC, 885 F.3d 543 (8vo Cir. 2018); Wahl v. McIver, 773 F.2d 1169 (11mo Cir. 1985); Thorne v. Boston Market Corporation, 469 F.Supp.3d 130 (S.D.N.Y. 2020)). Incluso, el tribunal puede evaluar caso-a-caso las circunstancias específicas de las barreras, más la efectividad de las modificaciones arquitectónicas y el costo que el negocio devengaría al reconstruir su establecimiento. Véase *Sosa v. Massachusetts Department of Correction*, 80 F.4th 15 (1er Cir. 2023) (*citando a Mary Jo C. v. N.Y. State & Local. Rest. Sys.*, 707 F.3d 144, 153 (2do Cir. 2013)).

De conformidad con los hechos del presente caso, el señor Betancourt Colón solo presentó una declaración jurada como evidencia de su discapacidad y de las barreras arquitectónicas en el restaurante Don Frappe y Don Maceta. De la misma no se desprende que el

Tribunal de Primera Instancia haya incurrido en arbitrariedad al considerarla insuficiente para demostrar las condiciones físicas o barreras aludidas o persistentes que forman parte de la demanda sin la previa constatación testimonial o de perito. Es decir, tal determinación no desvela prejuicio, parcialidad o error manifiesto que colocara el ejercicio de la discreción judicial en un plano de abuso.

Por los fundamentos expresados, se deniega el auto de *certiorari* solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones